# Eufaula Grocery Co., *et al. v.* Petty.

*Action of Trespass for Wrongful Levy of an Attachment.*

1. *Sale of goods by insolvent debtor to creditor; validity as to other creditor.*—Where an insolvent debtor sells and conveys his property to one having knowledge of his condition, at a fixed price which was shown to have been a fair valuation of the property, the terms of the purchase being that the purchaser was to pay certain named creditors, and the remainder of the purchase price was to be paid in cash to the debtor, upon an agreement that he was to apply all of the cash payment to his then existing creditors, which was done in accordance with the terms of sale, and the debtor reserved no benefit to himself, such transaction is not fraudulent as having been made for the purpose of hindering, delaying and defrauding creditors.

[Eufaula Grocery Co., et al. v. Petty.]

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JOHN R. TYSON.

This was an action of trespass brought by the appellee, H. A. Petty, against the Eufaula Grocery Company, and the sureties on its indemnity bond given on the suing out of an attachment, to recover damages for the wrongful levy of the attachment upon the goods. The facts of the case are sufficiently stated in the opinion.

There were several charges requested by the defendants, to the refusal to give each of which they separately excepted; but under the opinion in this case it is unnecessary to set out these charges in detail.

There were verdict and judgment for the plaintiff. The defendants appeal, and assigns as error the refusal of the court to give the several charges requested by them.

H. D. CLAYTON, and ALSTON & PEACH, for appellants, cited *Gay v. Strickland*, 104 Ala. 375; *Comer v. Heidelbach*, 109 Ala. 220.

A. A. EVANS, *contra.*—The sale of the property to the plaintiff in this case was not frudulent and void. The court did not err in giving the charge asked by appellee. *Bell v. Goetter, Weil & Co.*, 106 Ala. 462; *Carter Bros. & Co. v. Coleman*, 84 Ala. 256; *Rankin & Co. v. Vandiver & Co.*, 78 Ala. 562.

COLEMAN, J.—There is no material conflict in the evidence. W. C. Petty, an insolvent debtor, sold and conveyed his property to the appellee, who had knowledge of his financial condition, for $1,370; the terms of the purchase being, that the purchaser was to pay certain named creditors, whose debts aggregated about $1,075, and the remainder, in cash, to the vendor debtor, upon the agreement that he, the debtor, was to apply all the cash payment to his other then existing creditors. The goods were sold at invoice prices, and the evidence shows that the purchase price paid was a fair valuation of the property. The evidence shows that the purchaser paid the debts that he agreed to satisfy, and that the debtor applied all the cash received by him to his other debts, and reserved no benefit to himself. The Eufaula Grocery Company, a creditor of W. C. Petty, gave bond and attached a part of the property in the possession of

the purchaser. The present action is in trespass by H. A. Petty. The only question before the jury was whether the transaction of the sale was made to hinder, delay and defraud creditors. Under the principles declared in the cases of *Carter Bros. v. Coleman*, 84 Ala. 256, and *Rankin & Co. v. Vandiver & Co.*, 78 Ala. 562, we think the plaintiff was entitled to the affirmative charge; and consequently no injury could result from the refusal of the court to give the instructions requested by the defendant.

Affirmed.